IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHEAL WAYNE WASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-057 |
| | ) | |
| ALFONZO WILLIAMS, Sheriff; JOHN H. BUSH, Major; CHESTER V. HUFFMAN, Major; WILBERT WILLIAMS, Lieutenant; STACY WILLIAMS, Nurse; KATIE YOUNG, Nurse; and CASSANDRA HAYNES, Captain,[1] | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at the Burke County Detention Center ("BCDC") in Waynesboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

**A.   BACKGROUND**

Plaintiff names as Defendants (1) Alfonzo Williams, Sheriff; (2) John H. Bush, Major; (3) Chester V. Huffman, Major; (4) Wilbert Williams, Lieutenant; (5) Stacy

---

[1]The Court **DIRECTS** the Clerk to update the docket in accordance with the above caption.

Williams, Nurse; (6) Katie Young, Nurse; and (7) Cassandra Haynes, Captain. (Doc. no. 17, pp. 2-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff, a white male, arrived at BCDC on March 28, 2017. (Id. at 4.) No one conducted a medical screening, but Plaintiff requested to see a mental health professional via the kiosk in BCDC. (Id.) From March 28, 2017 through August 25, 2017, Plaintiff requested to see a mental health professional more than seventeen times. (Id.) Each time, Defendant Stacy Williams or Katie Young denied his request and told him he could not see a mental health professional. (Id. at 5.) Plaintiff spoke with Defendants Bush, Huffman, Haynes, and Wilbert Williams about his inability to obtain mental health treatment, but they did nothing. (Id. at 6.)

Defendants Young and Stacy Williams told Plaintiff he could not receive mental health treatment because he was a "red inmate" and thus not allowed outside of BCDC. However, Plaintiff witnessed three African American inmates who were also "red" taken out of BCDC for treatment of pimples, hair bumps, and a jammed finger. (Id. at 5-6.)

On August 25, 2017, Defendants sent Plaintiff to Ogeechee Mental Health for an evaluation, where they prescribed him Elavil twice a day for his mental health needs. (Id. at 7.) As a result of Defendants' neglect of his mental health needs from March 28, 2017 through August 25, 2017, Plaintiff suffered from emotional distress, depression, anxiety, and suicidal ideations. (Id. at 5-6.)

**B.  DISCUSSION**

    **1.  Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94

3

(2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Supervisory Liability Against Sheriff Williams.

Plaintiff attempts to hold Sheriff Alonzo Williams liable because he "is responsible legally for all operations at the BCDC." (Doc. no. 17, p. 6.) However, "[s]upervisory officials are not liable under [Bivens] for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003). "Because vicarious liability is inapplicable to [Bivens] actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges only that Sheriff Williams "fail[ed] to employ trained staff to work with inmates with mental illness." (Doc. no. 1, pp. 5-6.) Such a failure to hire specifically trained staff does not constitute actual participation in the alleged violation.

Likewise, Plaintiff has not alleged a causal connection between Sheriff Williams and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir.

1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has not alleged that Sheriff Williams was personally involved in Plaintiff's mental health treatment or was made aware ahead of time of any unlawful practices associated with Plaintiff's mental health treatment. Nor has Plaintiff alleged Sheriff Williams had any knowledge of a widespread problem with mental health treatment of inmates at BCDC. In sum, Plaintiff has not shown Sheriff Williams actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Accordingly, Plaintiff fails to state a claim against Sheriff Williams.

### 3. Plaintiff Fails to State an Official Capacity Claim Against Defendants Bush, Huffman, Wilbert Williams, and Haynes.

Plaintiff's allegations are insufficient to state a claim against Defendants Bush, Huffman, Wilbert Williams, and Haynes because "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). Georgia sheriffs and their deputies function as arms of the State of Georgia when establishing and administering jail policies and practices. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga, 400 F.3d 1313, 1324 (11th Cir. 2005); Manders v. Lee, 338 F.3d 1304, 1328 (11th Cir. 2003); Bunyon v. Burke Cty., 306 F. Supp. 2d 1240, 1255 (S.D. Ga.), *aff'd sub nom.* Bunyon v. Burke Cty., Ga., 116 F. App'x 249 (11th Cir. 2004) ("Although Manders involved only the immunity of the Sheriff in his official capacity, its factors are similarly applicable to deputy sheriffs as well.").

Plaintiff's claims against Defendants Bush, Huffman, Wilbert Williams, and Haynes exclusively concern the administration of a county jail by deputy sheriffs. Thus, these Defendants were acting as arms of the state of Georgia and are immune under the Eleventh Amendment in their official capacity. Accordingly, Plaintiff fails to state an official capacity claim against Defendants Bush, Huffman, Wilbert Williams, and Haynes.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Defendant Alonzo Williams be **DISMISSED**, Plaintiff's official capacity claims against Defendants Bush, Huffman, Wilbert Williams, and Haynes be

**DISMISSED**, and Defendant Alonzo Williams be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's deliberate indifference to psychiatric needs and equal protection claims against Defendants Bush, Huffman, Wilbert Williams, Stacy Williams, Young, and Haynes to proceed.

SO REPORTED and RECOMMENDED this 31st day of October, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA