IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHEAL WAYNE WASHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 117-057 |
| ) | |
| ALFONZO WILLIAMS, Sheriff; JOHN H. ) | |
| BUSH, Major; CHESTER V. HUFFMAN, ) | |
| Major; WILBERT WILLIAMS, Lieutenant; ) | |
| STACY WILLIAMS, Nurse; KATIE ) | |
| YOUNG, Nurse; and CASSANDRA ) | |
| HAYNES, Captain, ) | |
| ) | |
| Defendants. ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Buke County Jail in Waynesboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. Before the Court are Plaintiff's Motion to Amend and Motion for Discovery. (Doc. nos. 22, 23.)

In his Motion to Amend, Plaintiff "ask[s] the Court to reallege and incorporate by reference all allegations against the named defendants above from (Document 21) (pg. 2 & pg. 3)." (Doc. no. 22, p. 1.) However, this Court previously warned Plaintiff he may not incorporate by reference previously submitted claims or papers. (Doc. no. 16, pp. 1-2.) Moreover, Plaintiff's proposed amendment does not add any additional facts, legal claims, or relief not already requested. *Compare* (doc. no. 22) *with* (doc. no. 17). Accordingly, the

Court **DENIES** Plaintiff's Motion to Amend.  (Doc. no. 22.)

Turning to Plaintiff's Motion for Discovery, because no Defendant has filed an answer, discovery has not commenced and Plaintiff's motion is premature.  Moreover, the motion does not comply with the requirement in the Local Rules to attach a certificate of service showing the motion was served on opposing counsel.  See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding failure to comply with Local Rules may result in summary denial of motion).  Finally, even if Plaintiff had served his motion on opposing counsel, it is procedurally improper.  As the Court explained in its Order providing instructions on the progression of this case, Plaintiff must conduct discovery in accordance with the Federal Rules of Civil Procedure.  Thus, Plaintiff's discovery requests must be directed to Defendants or, if appropriate, to third parties pursuant to Federal Rule of Civil Procedure 45, but the Court will not conduct discovery on Plaintiff's behalf.  Accordingly, the Court **DENIES** Plaintiff's Motion for Discovery.  (Doc. no. 23.)

SO ORDERED this 9th day of November, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.