IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHEAL WAYNE WASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-057 |
| | ) | |
| JOHN H. BUSH, Major; CHESTER V. | ) | |
| HUFFMAN, Major; WILBERT WILLIAMS, | ) | |
| Lieutenant; STACY WILLIAMS, Nurse; | ) | |
| KATIE YOUNG, Nurse; and CASSANDRA | ) | |
| HAYNES, Captain, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at the Burke County Detention Center ("BCDC") in Waynesboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. Before the Court is Defendants Bush, Huffman, Wilber Williams, Young, and Haynes' motion to dismiss. (Doc. no. 40.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

I.  **BACKGROUND**

Plaintiff names as Defendants (1) Alfonzo Williams, Sheriff; (2) John H. Bush, Major; (3) Chester V. Huffman, Major; (4) Wilbert Williams, Lieutenant; (5) Stacy Williams, Nurse; (6) Katie Young, Nurse; and (7) Cassandra Haynes, Captain. (Doc. no. 17, pp. 2-3.) Taking all of Plaintiff's factual allegations as true, the facts are as follows.

Plaintiff, a white male, arrived at BCDC on March 28, 2017. (Id. at 4.) No one conducted a medical screening, but Plaintiff requested to see a mental health professional via the kiosk in BCDC. (Id.) From March 28, 2017 through August 25, 2017, Plaintiff requested to see a mental health professional more than seventeen times. (Id.) Each time, Defendant Stacy Williams or Katie Young denied his request and told him he could not see a mental health professional. (Id. at 5.) Plaintiff spoke with Defendants Bush, Huffman, Haynes, and Wilbert Williams about his inability to obtain mental health treatment, but they did nothing. (Id. at 6.)

Defendants Young and Stacy Williams told Plaintiff he could not receive mental health treatment because he was a "red inmate" and thus not allowed outside of BCDC. However, Plaintiff witnessed three African American inmates who were also "red" taken out of BCDC for treatment of pimples, hair bumps, and a jammed finger. (Id. at 5-6.)

On August 25, 2017, Defendants sent Plaintiff to Ogeechee Mental Health for an evaluation, where they prescribed him Elavil twice a day for his mental health needs. (Id. at 7.) As a result of Defendants' neglect of his mental health needs from March 28, 2017 through August 25, 2017, Plaintiff suffered from emotional distress, depression, anxiety, and suicidal ideations. (Id. at 5-6.)

The Court screened Plaintiff's complaint, dismissing all claims against Defendant Alonzo Williams and Plaintiff's official capacity claims against Defendants Bush, Huffman, Wilbert Williams, and Haynes but allowing to proceed claims for deliberate indifference to his psychiatric needs and equal protection against Defendants Bush, Huffman, Wilbert Williams, Stacy Williams, Young, and Haynes. (Doc. nos. 11, 13.) On May 12, 2016, Defendants Bush, Huffman, Wilber Williams, Young, and Haynes filed this motion to

dismiss all claims for failure to state a claim because Plaintiff cannot recover compensatory or punitive damages under the Prison Litigation Reform Act ("PLRA"). (Doc. no. 16.)

## II. DISCUSSION

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.     Plaintiff's Claims for Compensatory and Punitive Damages Are Barred.**

42 U.S.C. § 1997e(e) provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

The Eleventh Circuit has held 42 U.S.C. § 1997e is constitutional and that Congress has left open avenues for other types of relief that are ample for constitutional purposes. Harris v. Garner, 190 F.3d 1279, 1287-89 (11th Cir. 1999), rev'd in part on other grounds, 216 F.3d 970 (11th Cir. 2000). Accordingly, a prisoner cannot recover compensation or punitive damages on a claim where he has suffered no physical injury. See, e.g., Al-Amin v. Smith, 637 F.3d 1192, 1196 (11th Cir. 2011) (holding prisoner could not maintain claim for punitive damages for prison opening his legal mail). However, such a plaintiff may seek nominal damages for constitutional violations where compensatory and punitive damages are barred. See Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277 (2011) (finding plaintiff could still seek nominal damages for constitutional claims).

Here, Plaintiff cannot show an actual physical injury. Plaintiff alleges "'psychological deterioration' is a 'physical injury,'" and cites 40 C.F.R. § 350.40 in support of his claims. (Doc. no. 45, p. 4; doc. no. 54, p. 1.) However, psychological deterioration without any accompanying physical harm falls under "mental or emotional injury" rather than "physical injury." See Chatham v. Adcock, 334 F. App'x 281, 284 (11th Cir. 2009) ("'In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis.'") (quoting Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). Moreover, 40 C.F.R. § 350.40 deals with Environmental Protection Agency regulations and is inapplicable to Plaintiff's deliberate indifference and equal protection claims. Accordingly, because he cannot show actual physical injury, Plaintiff is barred from recovering compensatory and punitive damages.

### C. Plaintiff May Seek Nominal Damages on His Deliberate Indifference and Equal Protection Claims.

Defendants contend because Plaintiff only sought compensatory and punitive damages as relief and such relief is barred by the PLRA, Plaintiff's complaint should be dismissed in its entirety. (Doc. no. 40.) However, Plaintiff may seek nominal damages for the alleged constitutional violations. Smith, 502 F.3d at 1271. That Plaintiff did not specifically request nominal relief does not preclude his ability to receive it. See Jackson v. Hill, 569 F. App'x 697, 699 (11th Cir. 2014) ("[T]he district court should have considered whether [plaintiff] could recover nominal damages despite his failure to request that relief[.]"); Day v. Vaughn, 56 F. Supp. 3d 1377, 1384 (S.D. Ga. 2014) (collecting cases).

5

Accordingly, Plaintiff should be allowed proceed on his deliberate indifference and equal protection claims and seek nominal damages.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. no. 40.)

SO REPORTED AND RECOMMENDED this 16th day of February, 2018, at Augusta, Georgia.

                                          /s/ Brian K. Epps
                                          BRIAN K. EPPS
                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA