IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHEAL WAYNE WASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-057 |
| | ) | |
| JOHN H. BUSH, Major; CHESTER V. | ) | |
| HUFFMAN, Major; WILBERT WILLIAMS, | ) | |
| Lieutenant; STACY WILLIAMS, Nurse; | ) | |
| KATIE YOUNG, Nurse; and CASSANDRA | ) | |
| HAYNES, Captain, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. nos. 59, 62.) In his objections, Plaintiff seeks to amend his claim to pursue nominal damages in the amount of $315,288 and punitive damages in the amount of $2,174,400. (Doc. no. 59.) In their objections, Defendants argue nothing in Plaintiff's operative complaint can be construed as a request for nominal damages. (Doc. no. 62.)

In his R&R, the Magistrate Judge concluded that Plaintiff could proceed on a claim for nominal damages despite his failure to request them. (Doc. no. 56, pp. 5-6.) Nothing in Defendants' objections warrants a deviation from that well-supported conclusion. (Id.); see also Jackson v. Hill, 569 F. App'x 697, 699 (11th Cir. 2014) ("[T]he district court should have considered whether [plaintiff] could recover nominal damages despite his failure to

request that relief[.]"). Moreover, even if Plaintiff's failure to request nominal damages was fatal to his case, he could merely amend his complaint to request the appropriate relief, as he seeks to do in his objections.

As the Magistrate Judge explained in his R&R, Plaintiff may not seek $2,174,400 in punitive damages because he has suffered no physical injury. (See doc. no. 56, pp. 4-5); see also Al-Amin v. Smith, 637 F.3d 1192, 1196 (11th Cir. 2011) (holding prisoner could not maintain claim for punitive damages for prison opening his legal mail). Moreover, Plaintiff's attempt to amend his claim to request nominal damages is **MOOT** because he is being allowed to seek nominal damages. However, while Plaintiff may pursue nominal damages, he cannot receive $315,288 because nominal damages are defined as $1 or $100. See Quainoo v. City of Huntsville, Ala., 611 F. App'x 953, 955 (11th Cir. 2015) (defining nominal damages as $1 or $100); Jones v. Crew Distrib. Co., 984 F.2d 405, 407-09 (11th Cir. 1993) (describing damages of $1 as nominal); see also Bhogaita v. Altamonte Heights Condo. Ass'n, Inc., 765 F.3d 1277, 1291 (11th Cir. 2014) (defining "'nominal damages' as '[a] trifling sum awarded when a legal injury is suffered but there is no substantial loss or injury to be compensated'") (quoting Black's Law Dictionary 447 (9th ed. 2009)). Therefore, should he ultimately prevail on his claims, Plaintiff would at most be entitled to $100 in damages.

Accordingly, the Court **OVERRULES** the parties' objections, **ADOPTS** the R&R of the Magistrate Judge as its opinion, and **GRANTS IN PART** and **DENIES IN PART**

Defendants' Motion to Dismiss. (Doc. no. 40.) The Court **ORDERS** Defendants Bush, Huffman, Wilbert Williams, Young, and Haynes to file an answer within fourteen days of this Order.

SO ORDERED this 6th day of March, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA