IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHEAL WAYNE WASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-057 |
| | ) | |
| JOHN H. BUSH, Major; CHESTER V. | ) | |
| HUFFMAN, Major; WILBERT WILLIAMS, | ) | |
| Lieutenant; STACEY WILLIAMS, Nurse; | ) | |
| KATIE YOUNG, Nurse; and CASSANDRA | ) | |
| HAYNES, Captain, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Defendants' Motion to Enforce Settlement, (doc. no. 84), Plaintiff's Declaration for Entry of Default, (doc. no. 83), Plaintiff's Motion to Approve Agreement, (doc. no. 85), and Plaintiff's Motion to Modify or Terminate Private Settlement Agreement, (doc no. 88).

Plaintiff brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983, asserting claims for deliberate indifference and equal protection for which the Court has held he can recover only nominal damages. (Doc. nos. 73, 76.) On June 20, 2018, the undersigned conducted a mediation, and the parties agreed to a final settlement as memorialized in a checklist signed that same day by Plaintiff and defense counsel. (Settlement Checklist, doc. no. 84-1, pp. 7-11.) The checklist included all material terms of the settlement and specified the settlement was immediately binding and would be incorporated into a final, formal settlement agreement. (Id.)

Plaintiff now seeks to avoid the settlement because the first version of the formal settlement agreement proposed by Defendants did not reference a checklist term requiring Defendants pay 100% of the amount, if any, demanded by Georgia Department of Human Services ("GDHS") to satisfy its litigation lien. However, when Plaintiff complained, Defendants included this term in the second version of the settlement agreement provided to Plaintiff, which he refuses to sign. While Plaintiff may be unhappy GDHS ultimately agreed to release the lien without requiring any payment, the checklist expressly contemplated this possibility by providing Defendants were in negotiations with GDHS and would pay the lien amount, "if any." (Id.)

"[A] district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." Kent v. Baker, 815 F.2d 1395, 1400 (11th Cir. 1987). Because the parties entered into a binding settlement and the formal settlement agreement now proposed by Defendants incorporates all terms of the settlement checklist, the Court **REPORTS AND RECOMMENDS** Defendants' Motion to Enforce Settlement be **GRANTED**, (doc. no. 84), Plaintiff's motions be **DENIED,** (doc. nos. 83, 85, 88), and Plaintiff be **ORDERED** to execute the settlement agreement within fourteen days. Failure to comply should constitute contempt and be punishable by sanctions up to and including dismissal with prejudice of this civil action.

SO REPORTED and RECOMMENDED this 28th day of August, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA